# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08585-RGK-GJS | Date | December 04, 2018 |
|---|---|---|---|
| Title | *Lien Nghiem v. Luxottica Retail N. Am., Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

On August 31, 2018, Lien Nghiem ("Plaintiff") filed a complaint in Los Angeles Superior Court against Luxottica Retail North America, Inc. ("Defendant"). Plaintiff alleges wrongful termination, retaliation, discrimination, harassment, failure to accommodate, and failure to engage in a good faith interactive process. Plaintiff's claims arise out of his employment with Defendant.

On October 5, 2018, Defendant removed the action to this Court based on diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount-in-controversy that exceeds $75,000. After a plaintiff files a complaint in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount-in-controversy has been met, the removing defendant must supply this jurisdictional fact in the notice of removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). Courts must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

In his complaint, Plaintiff seeks damages for lost wages and emotional distress, punitive damages, and attorneys' fees. In support of removal, Defendant calculates that based on Plaintiff's hourly wage at the time of termination, Plaintiff's back pay totals $61,200. This amount reflects approximately $680 of weekly earnings over the 90 weeks between December 16, 2017, the date of Plaintiff's termination, and September 2019, a projected date of trial. Defendant asserts that Plaintiff's back pay plus the other requested damages exceeds the jurisdictional minimum.

However, the Court finds that Defendant fails to prove that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence. Defendant merely speculates about Plaintiff's lost wages based on a projected date of trial, which can easily change, and without taking into account any potential

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08585-RGK-GJS | Date | December 04, 2018 |
|---|---|---|---|
| Title | *Lien Nghiem v. Luxottica Retail N. Am., Inc.* | | |

mitigation of damages. Defendant fails to offer supporting evidence regarding emotional distress damages. Since the amount of attorneys' fees and punitive damages are also speculative, Defendants do not meet the minimum amount-in-controversy requirement.

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount-in-controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading,* 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17 (E.D. Cal. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.,* C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative to include in the amount-in-controversy.

As to punitive damages, Defendant asserts that Plaintiff can recover nine times her lost wages. However, Defendant has offered no evidence to support such an award in this case.

Accordingly, the Court finds that Defendant has not satisfied its burden of showing by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer